IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

No. 13-3177

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v. DANTE REYES,
Defendant-Appellant.

Appeal from the United States District Court for the
Northern District of Indiana

THE HONORABLE RUDY LOZANO, Judge Presiding
No. 10 CR 109

BRIEF AND REQUIRED SHORT APPENDIX
FOR DEFENDANT-APPELLANT

By: Amir Mohabbat
The Chicagoland & Suburban Law Firm, P.C.
248 South Marion Street
Suite #104
Oak Park, Illinois 60302
 (815) 501-1345
*Attorney for Defendant-Appellant*

Dated : February 21, 2014

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT
# AS TO DEFENDANT-APPELLANT

Appellate Court No.:    13-3177

Short Caption:    USA v. DANTE REYES

(1.) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. 26.1 by completing the item #3):

DANTE LEANDRO REYES

(2.) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court of before an administrative agency) or are expected to appear for the party in this court:

William H. O'Toole, 101 Beverly Drive, Suite A, Chesterton IN 46304-3471, appeared for defendant-appellant Dante Reyes, who is a natural person, in the district court. Amir Mohabbat appears in this Court.

(3.) If the party or amicus is a corporation:
    v.)    Identify all its parent corporations, if any; and
N/A
    vi.)    List any publicly held company that owns 10% or more of the party's or amicus' stock:
N/A

    __/s/ Amir Mohabbat__
        Amir Mohabbat

**TABLE OF CONTENTS**

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATUTES AND RULES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ISSUES PRESENTED FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

    I.    Did the District Court err by accepting Mr. Reyes' guilty plea without a sufficient colloquy?................................................................................................3

        A. The standard of review is for plain error…………………. ……………3

        B. The District Court erred by not conducting a sufficient plea colloquy………...…………………………………………………………....…...3

        C. The Government cannot establish that the district court's error is harmless……………………………………………………………………....…...7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P RULE 32 (a)(7). . . . . .  9

CIRCUIT RULE 30(d) STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PROOF OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ATTACHED REQUIRED SHORT APPENDIX

*United States v. Dante Reyes,* 10 CR 109
Transcript of Change of Plea Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A. 1

*United States v. Dante Reyes,* 10 CR 109
Amended Judgment in a Criminal Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .A. 53

*United States v. Dante Reyes,* 10 CR 109
Transcript of Sentencing Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A. 59

*United States v. Dante Reyes,* 10 CR 109
Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A. 101

*United States v. Dante Reyes,* 10 CR 109
Letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A. 103

# TABLE OF AUTHORITIES

*Henderson v. Morgan*, 426 U.S. 637 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

*McCarthy v. United States*, 394 U.S. 459 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*North Carolina v. Alford*, 400 U.S. 25 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*United States v. Eubanks*, 593 F.3d 645 (7th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Frye,* 738 F.2d 196 (7th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 7

*United States v. Griffin*, 521 F.3d 727 (7th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Thompson*, 680 F.2d 1145 (7th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . .4

*United States v. Wetterlin*, 583 F.2d 346 (7th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . 4

## STATUTES AND RULES

18 U.S.C. § 1962(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..1

18 U.S.C. § 3742. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Federal Rule of Criminal Procedure 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

# JURISDICTIONAL STATEMENT

The district court had jurisdiction over this matter under 18 U.S.C. § 3231. The United States Court of Appeals for the Seventh Circuit has jurisdiction over this matter under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. The final judgment in this case was entered on September 25, 2013. R. 1060. Defendant-Appellant Dante Reyes filed a timely notice of appeal on October 2, 2013. R. 1065.[1]

---

[1] Citation to the record on appeal is noted by the abbreviation "R. __", a reference to the number of the docket entry in the district court. Citations to the Pre-Sentence Report will be designated as "PSR.__," a reference to the specific page found within the Pre-Sentence Report. Citations to the Sentencing Transcript will be designated as "ST.__," a reference to the specific page found within the Sentencing Transcript. Citations to the Appendix are designated as "A.__," a reference to the page within the appendix where the record will be found. Citations to the Addendum to the Presentence Report are designated "APSR.___," a reference to the page within the Addendum to the Presentence Report. Citations to the Second Addendum to Presentence Report are designated as "2ndPSR.__," a reference to the page within the Second Addendum to Presentence Report where the record will be found.

**ISSUES PRESENTED FOR REVIEW**

I.      Did the District Court err by accepting Mr. Reyes' guilty plea without a sufficient colloquy?

**STATEMENT OF THE CASE**

On March 14, 2013, Dante Reyes pled guilty to Count One of the 3rd Superseding Indictment, pursuant to 18 U.S.C. §1962(d). R.809. At sentencing on September 18, 2013, the district court ordered Mr. Reyes to serve a 262 month sentence. R. 1060.

At the change of plea hearing, the district court engaged in a plea colloquy that included Judge Lozano asking Mr. Reyes questions about whether Mr. Reyes understood the rights he was giving up, including the right to appeal on most grounds, by changing his plea to guilty to Count One of the 3rd Superseding Indictment. Mr. Reyes responded briefly and in the affirmative to the questions. After sentencing, Mr. Reyes wrote to the district court stating that he wished to appeal his sentence, which indicates that Mr. Reyes did not understand at the change of plea hearing that he was giving up the right to appeal on most grounds and that Mr. Reyes changed his plea unintelligently and therefore unconstitutionally.

**SUMMARY OF THE ARGUMENT**

Rule 11 of the Federal Rules of Criminal Procedure require a colloquy between the court and the accused that would lead a person to conclude that the accused understood the nature of the charge and the penalty that may be

imposed upon him. In the present case, the colloquy was not sufficient and Mr. Reyes did not correctly understand that he was waiving his Constitutional right to appeal on most grounds, including based on a belief that the imposed sentence was calculated unconstitutionally and based on the belief that the sentencing Guideline range was not treated as being merely advisory, resulting in a sentence that is too severe. Therefore, Mr. Reyes' change of plea was unintelligently made and therefore invalid.

## ARGUMENT

I.  Did the District Court err by accepting Mr. Reyes' guilty plea without a sufficient colloquy?

   A. The standard of review is for plain error.

This court uses a review for plain error when determining whether the district court's plea colloquy was sufficient. *U.S. v. Griffin*, 521 F.3d 727 at 730 (7th Cir. 2008).

   B. The District Court erred by not conducting a sufficient plea colloquy.

"It is well established that a guilty plea is valid only if made voluntarily, knowingly, and intelligently." *United States v. Frye*, 738 F.2d 196 at 198 (7th Cir. 1984), citing to *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.E.2d 108 (1976). "[A] valid guilty plea must represent a 'voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Frye*, 738 F.2d 196 at 199, citing to *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.E.2d 763 (1970).

3

In *Frye*, this Court stated we "deem it significant that the district court accepted defendant's guilty plea without engaging her in a meaningful dialogue." *United States v. Frye*, 738 F.2d at 201. This Court stated:

> "Rule 11 of the Federal Rules of Criminal Procedure requires that before accepting a defendant's guilty plea, a court must have a colloquy with the defendant that 'would lead a reasonable person to believe that the defendant understood the nature of the charge.' *United States v. Thompson*, 680 F.2d 1145, 1155 (7th Cir. 1982). Whether a colloquy is sufficient in a particular case will depend on the facts of that case. *United States v. Wetterlin*, 583 F.2d 346, 351 (7th Cir. 1978). . . . One of the purposes of rule 11 is to produce, at the time a guilty plea is entered, a complete record of the factors relevant to the determination of the guilty plea's validity. *McCarthy v. United States*, 394 U.S. at 465, 89 S.Ct. at 1170. In this case, because there was insignificant dialogue, there is an inadequate record." *United States v. Frye*, 738 F.2d at 201.

In *Frye*, this Court found that it had "meaningful doubt" as to whether the defendant was properly informed of defenses she may have concerning the intent to commit bank larceny and remanded the case to the district court for an evidentiary hearing in light of the plea colloquy pursuant to Federal Rule of Criminal Procedure 11. *United States v. Frye*, 738 F.2d 196 at 202. This Court found the plea colloquy to be deficient because it consisted of the district court paraphrasing a summary of the charges levied against Ms. Frye and a series of "routine questions" which were answered with a "yes" or a "no". *United States v. Frye*, 738 F.2d 196 at 201.

In the instant case, the plea agreement is Constitutionally insufficient because it failed to properly inform Mr. Reyes of the facts of the alleged offense. Moreover, the plea agreement does not contain a recitation of the applicable Guideline range, nor does it contain a recitation of any applicable enhancements, nor does it contain a recitation of

4

Mr. Reyes' criminal history that would be used to determine a post-conviction sentence. The insufficient plea agreement was the seed that gave rise to the insufficient colloquy.

At the plea colloquy the district court solicited predominantly "yes" or "no" type answers from Mr. Reyes and in response to the court's questions Mr. Reyes provided "yes" or "no" type answers. It is true that Judge Lozano and Mr. Reyes did engage in a dialogue about Mr. Reyes' criminal actions. Please see Change of Plea Hearing Transcript pages 31-38. However, the plea agreement is devoid of any such recitation and is insufficient. Also, the fact that Mr. Reyes possesses a Master's Degree in Professional Counseling and is fluent in English, A. 60, do not preclude Mr. Reyes from receiving the benefit of a Constitutionally sufficient plea agreement and colloquy. By virtue of the fact that Mr. Reyes filed a *pro se* notice of appeal, R.1065, and also by virtue of the fact that Mr. Reyes filed a letter with the district court that requested certain information including transcripts so that he could proceed with his appeal, R. 1101, the record indicates that Mr. Reyes did not fully understand that he was giving up the right to appeal his sentence on most grounds, and therefore his change of plea was not Constitutionally sufficient.

Moreover, Mr. Reyes was of the understanding that the Government would recommend a 17 year sentence to the court at the sentencing hearing and said understanding was a basis that he changed his plea. Mr. Reyes' understanding and confusion can be gleaned from the Government's sentencing recommendation; please see the attached Sentencing Transcript, page 20, lines 10-16. If the plea agreement and

5

plea colloquy had been more detailed, Mr. Reyes' confusion would have become more apparent before he changed his plea and he could have made an intelligent decision about whether he wanted to change his plea.

After reviewing the *pro se* notice of appeal, R. 1065, and then looking to the totality of the circumstances, a more detailed and meaningful discussion of the charges, sentencing Guideline range, criminal history and sentencing enhancements, coupled with a more thorough colloquy at the change of plea hearing, would have better ensured that Mr. Reyes knew what duration of sentence he was facing and would have allowed him to better make an intelligent decision concerning changing his plea. Specifically, it would have been better and more Constitutionally appropriate if the district court had asked Mr. Reyes to verbally articulate the sentence he could have incurred by changing his plea to guilty via the plea agreement (R.809) and to ask Mr. Reyes what his understanding of his sentence would be to ensure that Mr. Reyes best understood the scope of the sentence he was facing and the scope of the appellate rights he was waiving by entering the guilty plea.

Said another way, a better and practical way to ensure that Mr. Reyes intelligently changed his plea would have been for the district court to ask Mr. Reyes to explain, stating in open court, what Mr. Reyes' understanding was concerning changing his plea and the duration of a sentence he may receive as a consequence of changing his plea. In this way, Mr. Reyes' understanding would have been tested as

6

part of a meaningful dialogue as contemplated by this Court in *Frye*. *United States v. Frye*, 738 F.2d at 201.  A guilty plea made unintelligently is involuntary and unconstitutional.  See *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.E.2d 108 (1976).

C.   The Government cannot establish that the district court's error is harmless.

To show that the district court's colloquy is harmless error the government must be able to show that the error did not affect the district court's selection of the sentence imposed. *United States v. Eubanks*, 593 F.3d 645, 655 (7th Cir. 2010).  Mr. Reyes did not intelligently change his plea.  Therefore, the Government cannot establish that the deficiency in the colloquy did not affect the fact that Mr. Reyes is now serving a 262 month sentence pursuant to his adjudication of guilty to Count One of the 3rd Superseding Indictment.

## CONCLUSION

Wherefore, because Mr. Reyes did not intelligently change his plea, Mr. Reyes' sentence should be vacated and the case remanded for further proceedings.

Dated this 21st day of February, 2014 at Oak Park, Illinois.

                                          Respectfully submitted;

                                          _/s/ Amir Mohabbat_
                                          By: Amir Mohabbat

The Chicagoland & Suburban Law Firm, P.C.
248 South Marion Street
Suite #104
Oak Park, Illinois 60302
 (815) 501-1345

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P RULE 32 (a)(7)**

The undersigned, counsel of record for defendant-appellant Dante Reyes, furnishes the following in compliance with Fed. R. App. P. Rule 32(a)(7):

DEFENDANT REYES' OPENING BRIEF

I hereby certify that this brief conforms to the rules contained in Fed. R. App. P. Rule 32(a)(7) for a brief produced with a proportionally spaced font.

Dated this 21st day of February, 2014 at Oak Park, Illinois;

_____/s/ Amir Mohabbat
By: Amir Mohabbat
The Chicagoland & Suburban Law Firm, P.C.
248 South Marion Street
Suite #104
Oak Park, Illinois 60302
 (815) 501-1345

## CIRCUIT RULE 30(d) STATEMENT

Pursuant to Circuit Rule 30(d), counsel certifies that all material required by Circuit Rule 30(a) and (b) are included in the appendix.

Dated this 21st day of February, 2014 at Oak Park, Illinois.


    /s/ Amir Mohabbat
By: Amir Mohabbat
The Chicagoland & Suburban Law Firm, P.C.
248 South Marion Street
Suite #104
Oak Park, Illinois 60302
 (815) 501-1345

## PROOF OF SERVICE

The undersigned, counsel for the defendant-appellant Dante Reyes, hereby certifies that on February 25, 2014 Dante Reyes' appellate brief was filed using the United States Court of Appeals for the Seventh Circuit's electronic filing system.

Dated this 21st day of February, 2014 at Oak Park, Illinois.

                                                        ____/s/ Amir Mohabbat
                                                        By: Amir Mohabbat
                                                        The Chicagoland & Suburban Law Firm, P.C.
                                                        248 South Marion Street
                                                        Suite #104
                                                       Oak Park, Illinois 60302
                                                        (815) 501-1345