No. 13-2189

_____

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT
_____

**UNITED STATE OF AMERICA,**
**PLAINTIFF-APPELLEE**

**v.**

**MARTIN ANAYA**
**DEFENDANT-APPELLANT**

_____

_____**Appeal from the United States District Court**
**For the Northern District of Indiana**
**Case No. 2:10 CR 00109**
**The Honorable Judge Rudy Lozano**

_____

## BRIEF AND REQUIRED SHORT APPENDIX OF
## DEFENDANT - APPELLANT MARTIN ANAYA

_____

Adam Tavitas/ Attorney No. 18451-53
Attorney For Defendant - Appellant Anaya
9120 Connecticut Drive, Suite G
Merrillville, IN 46410
219-796-9220 (Phone)
219-791-4379 (Fax)

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.: 13-2189

Short Caption: <u>United States of America vs. Martin Anaya</u>

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first.  Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

**[ ]      PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in this case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3): **Martin Anaya**

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court: **Attorney Adam Tavitas**

(3) If the party or amicus is a corporation:
　　　i) Identify all its parent corporations, if any: and
　　　ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

Attorney's Signature: <u>/s/ Adam Tavitas</u>                    Date: <u>09/25/2013</u>
Attorney's Printed Name: <u>Adam Tavitas</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). **Yes <u>X</u>   No____**

Address: <u>9120 Connecticut Drive, Suite G, Merrillville, IN 46410</u>
Phone Number: <u>219-796-9220</u>      Fax Number: <u>219-791-4379</u>
Email Address: <u>Adtavitas@aol.com</u>

## **TABLE OF CONTENTS**

**PAGE**

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3, 4

    I.     Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    Course of the Proceedings and Disposition Below . . . . . . . . . . . . . . . . . . . . 2,3, 4

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(a)(7) . . . . . . . . . . . . . . . . . . . . . . . 13

PROOF OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*United States v. Alexander*, 982 F. 2d 262 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Alleyne*, 133 S. Ct. 2151 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Gall*, 552 U. S. 38 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Hill*, 645 F. 3d 900 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Horne*, 474 F. 3d 1004 (7th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Huden*, 209 F. 3d 652 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Miranda-Santiago*, 96 F. 3d 644 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Thomas*, 510 F. 3d 714 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Vallas*, 635 F. 3d271 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Watts*, 117 S. Ct. 633 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Williams*, 718 F. 3d 644 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## FEDERAL STATUES

Title 18, United States Code, §2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Title 18, United States Code, §924 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3

Title 18, United States Code, §924 (j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3

Title 18, United States Code, §1959 (a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3

Title 18, United States Code, §1961 (4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Title 18, United States Code, §1962 (d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Title 18, United States Code, §3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Title 18, United States Code §3742 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**FEDERAL STATUES (Continued)**                                                    **PAGE**

Title 18, United States Code §3553 (a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Title 21, United States Code § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

Title 28, United States Code §1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Title 28, United States Code §3742(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**OTHER AUTHORITIES**

United States Sentencing Guidelines . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

## JURISDICTIONAL STATEMENT

On May 30, 2013, Martin Anaya filed his Notice of Appeal and Circuit Rule 3 (c) (1) Docketing Statement with the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division. Anaya appeals from a judgement and sentence imposed in a criminal case entered May 22, 2013. The District Court's jurisdiction is based on Title 18, United States Code § 3231, giving District Courts of the United States original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. On September 25, 2012, Anaya was found guilty by a jury of Count I, Conspiracy to Participate in Racketeering Activity a violation of Title 18, United States Code, Section 1962 (d) and Count II, Conspiracy to Possess With Intent to Distribute 5 Kilograms or More of Cocaine and Marijuana, a violation of Title 21, United States Code Section 846. In addition, the jury was given a special interrogatory as to Count I "Do you also find that the Defendant, Martin Anaya, committed the murder of Christina Campos." The jury answered "no" to this special interrogatory. Martin Anaya was found not guilty of Murder In Aid of Racketeering Activity, a violation of Title 18, United States Code, Section 1959 (a)(1) and 2 and not guilty of Count II, Murder Resulting From the Use and Carrying of Firearm During and in Relation To Crimes of Violence and Drug Trafficking, a violation of Title 18, United States Code, Sections 924 (c), 924 (j) and 2.

The Seventh Circuit Court of Appeals jurisdiction is based on Title 28, United States Code §1291, which gives Appellate Courts jurisdiction of appeals from final decisions of District Courts and Title 18, United States §3742 (a) which gives Appellate Courts jurisdiction to review sentences imposed by District Courts.

## ISSUES

I.  Did the District Court error when it enhanced the sentence of the Defendant based on acquitted conduct?

II.  Did the District Court error when it calculated a greater drug amount against the Defendant for purposes of determining his sentencing guideline range without requiring proof beyond a reasonable doubt by a jury?

III.  Did the District Court error in giving the Defendant a three hundred sixty (360) month sentence?

## STATEMENT OF CASE

I.      Nature of the case.

This case is a criminal appeal from the United States District Court for the Northern District of Indiana, pursuant to Rule 4 (b) of the Federal Rules of Appellate Procedure.  Anaya appeals from the Court's May 22, 2013 Judgment in a criminal case and sentence imposed pursuant to the Judgment.

II.      Course of the proceedings and disposition below.

On October 22, 2010, Martin Anaya was charged by way of an eleven (11) count indictment charging him with three (3) counts of criminal conduct.

On November 16, 2011, Martin Anaya was charged by way of a Third Superceding Indictment with twenty-two (22) co-defendants.  Anaya was charged with Count I, Conspiracy To Participate in Racketeering Activity, a violation of Title 18, United States Code, Section 1962 (d), Count II, Conspiracy To Posses With Intent To Distribute 5 Kilograms or More of Cocaine and Marijuana, a violation of Title 21, United States Code, Section 846, Count X, Murder In Aid of

2

Racketeering Activity, a violation of Title 18, United States Code, Sections 1959 (a)(1) and 2, and Count XI, Murder Resulting From The Use and Carrying of a Firearm During and in Relation To Crimes of Violence and Drug Trafficking, a violation of Title 18, United States Code, Sections 924 (c), 924 (j) and 2.

Martin Anaya was one of twenty-three (23) defendants charged in a Third Superceding Indictment and an alleged member of the "Almighty Latin Kings and Queen Nation Gang", a criminal organization where members and associates engaged in acts of violence, including murder, attempted murder, assault with a dangerous weapon, and narcotics distribution in Indiana and other states throughout the country. (See Third Superceding Indictment, page 2). Anaya and his co-defendants were charged as constituting an "enterprise", as defined in Title 18, United States Code, Section 1961 (4). The purpose of the enterprise was alleged to enrich its leaders through illegal trafficking of controlled substances and preserving and protecting the enterprise through use of threats, intimidation and violence, including acts of murder. (See Third Superceding Indictment, page 6). As an overt act in furtherance of the conspiracy, on or about April 22, 2009, Jason Ortiz, Brandon Clay, Martin Anaya and another Latin King member were alleged to have caused Christina Campos, whom the Latin King members believed to be a member of a rival gang, the Lady Counts, to be shot and killed in Chicago, Illinois. (See Third Superceding Indictment, Act "ZZZ", page 24). The "other" Latin King member to be with the Defendant was Dameyon Thomas, a/k/a "Cheeseburger" or "DK". (See Trial Testimony of Jose Zambrano, page 74).

On September 18, 2012, a Jury Trial began for only Martin Anaya (21 of the co-defendants entered into plea agreements. One defendant has not yet been arrested). On September 25, 2012, the Defendant was found guilty of Counts I and II but not guilty of Counts X and XI. In addition,

3

the jury was given a special interrogatory as to Count I "Do you also find that the Defendant, Martin Anaya, committed the murder of Christina Campos." The jury answered "no" to this special interrogatory. As to Count II, the jury also was given a special verdict form as to the question of drugs attributable to the Defendant. The jury indicated that the Defendant was responsible for 5 Kilograms or more of Cocaine.

Martin Anaya's Sentencing Hearing was held on May 22, 2013 and at its conclusion, the Court sentenced Anaya to be imprisoned for a term of Three Hundred Sixty (360) months imprisonment. (See Appellant's Appendix p. 2).

On May 22, 2013, judgement in a criminal case was duly entered on the Clerk's docket.

The Defendant is challenging his sentence based on the District Court using acquitted conduct against him, the drug weight calculation used to determine his offense guideline, and the overall fair and reasonableness of the three hundred sixty (360) month sentence.

## STANDARD OF REVIEW

I. Facts considered by a District Court at Sentencing must be proved by a preponderance of evidence. *United States v. Watts*, 117 S. Ct. 633 (1997).

II. The Court of Appeals reviews a sentencing court's factual findings, including the quantity of drugs involved in an offense, for clear error. *United States v. Thomas*, 510 F. 3d 714 (2007). Under the clear error standard, the Court of Appeals will not upset a sentencing court's factual findings unless it is left with the definite and firm conviction that a mistake has been committed. *United States v. Williams*, 718 F. 3d 644 (7th Cir. 2013).

III. In reviewing the Substantive Reasonableness of a Sentence, the Court of Appeals must first be sure that the District Court committed no procedural error. *United States v. Hill*, 645 F. 3d

4

900, 905 (7th Cir. 2011).   Next, the Court of Appeals then reviews whether the sentence is substantively reasonable in light of the 18 U.S.C. 3553 (a) factors.  *United States v. Vallas*, 635 F. 3d 271, 278 (7th Cir. 2011).  The Substantive Review is for an abuse of discretion, irrespective of whether the sentence is above, below or within the advisory guidelines range.  *Gall v. United States*, 552 U. S. 38, (2007).

## SUMMARY OF THE ARGUMENT

I.   Even though the jury found that Martin Anaya did not commit the murder of Christina Campos, it was an error for the District Court to give him an enhanced sentence.

II.   A jury should determine beyond a reasonable doubt a Defendant's drug amount to be used against him at sentencing.

III.   Taking all sentencing factors into consideration, the Defendant's three hundred sixty (360) month sentence was not a fair and reasonable sentence.

## ARGUMENT

I.   Even though the jury found that Martin Anaya did not commit the murder of Christina Campos, it was an error for the District Court to give him an enhanced sentence.

Although Martin Anaya was convicted of Count I, Conspiracy To Participate In Racketeering Activity, the Jury was given a special interrogatory  as to Count I, " Do you also find that the Defendant, Martin Anaya, committed the murder of Christina Campos?" and the Jury answered "no."

In the Defendant's Sentencing Memorandum, Martin Anaya requested the Court utilize a higher burden of proof than a mere preponderance of the evidence standard for any sentencing enhancements due to the dramatic increase in a possible sentence he is facing for the relevant conduct associated with the death of Christina Campos.  The Defendant acknowledged that the

burden of proof regarding sentencing determinations is not proof beyond a reasonable doubt but instead, by a preponderance of the evidence. However, when a Defendant's sentence can increase significantly based on relevant conduct "perhaps in extreme circumstances... clear and convincing evidence" would be the standard of proof for sentencing factors. *United States v. Huden*, 209 F. 3d 652 (7th Cir. 2000). Additionally, in *United States v. Horne*, 474 F. 3d 1004 (7th Cir. 2007), "A judge might reasonably conclude that a sentence based almost entirely on evidence that satisfied only the normal civil standard of proof would be unlikely to promote respect for the law or provide just punishment for the offense of conviction. In the revised Addendum to the Pre-Sentence Investigation Report filed on May 7, 2013, counsel for the Defendant objected to paragraphs 4, 5 and 17 which concluded that Martin Anaya was responsible for the death of Christina Campos.

Clearly the jury agreed that Martin Anaya was not responsible for the death of Christina Campos. Testimony at trial, even by some of the Government's own witnesses, proved that Martin Anaya did not kill Christina Campos.

        a.    Co-defendant Jermane Ellis testified at trial that "the Counts shot their own person by mistake in the back." He also said that co-defendant Brandon Clay, who was supposedly in Martin Anaya's van, said this to him (Trial Testimony of Jermane Ellis, page 19). Ellis also testified that another individual in Anaya's van, a person named D.K., told him that "they didn't do nothing."

        b.    Co-defendant Jose Zambrano testified for the Government at Martin Anaya's trial. He said that Jason Ortiz (also in the Defendant's van) told him that they were getting shot at by Latin Counts and that the Latin Counts were the ones

6

responsible for the death of Ms. Campos.   (Trial Testimony of Jose

Zambrano, pages 70-71, 107).

c.    Co-defendant Alexander Vargas, testified for the Government at the trial and

said that Jason Ortiz told him that "they didn't do it" (kill Christina Campos).

(Trial Testimony of Alexander Vargas, page 106).

Also included in the Defendant's Sentencing Memorandum is a letter counsel received from

Assistant United States Attorney David Nozick on August 21, 2012 (See Appellant's Appendix p.7-

8).   This letter summarizes an August 17, 2012 interview with Dameyon Thomas a/k/a

"Cheeseburger" or "D.K."who was with the Defendant on the night of Christina Campos' death.

Thomas recanted his earlier testimony to the Chicago Police Department when he said Anaya had

a gun.  In fact, Thomas said on August 17, 2012, that it was the Latin Counts who were shooting at

the Latin Kings.  In addition, co-defendant Sisto Bernal told agents on August 10, 2012 that Martin

Anaya told him that he wasn't the person that shot Christina Campos.  Finally, in the letter dated

August 21, 2012, Bernal told agents about speaking with a Latin Count nicknamed "Frosto" who told

Bernal while incarcerated at the Kankakee County Jail that of all the people in the Indictment,

Anaya was the most innocent  because he knew Anaya didn't do the shooting.  "Frosto" told Bernal

that a Latin Count nicknamed "Shorty C/Baby C" opened fire on Anaya and others from an elevated

position.   This Latin Count was eventually "violated" for killing Christina Campos.   (Neither

Dameyon Thomas, Sisto Bernal or "Shorty C/Baby C" were called by the Government to testify

against Martin Anaya at trial or sentencing).

All of the individuals in Martin Anaya's van (Jason Ortiz, Dameyon Thomas and Brandon

Clay) gave statements indicating that Martin Anaya was not responsible for the death of Christina

Campos. This is contrary to probation indicating in the Addendum to the Pre-Sentence Investigation Report that all co-defendants with Anaya placed him with a weapon on the night in question.

The only person to testify at trial that Martin Anaya shot Christina Campos was Mary Gonzalez. She testified that she picked Martin Anaya out of an in-person line up on May 14, 2009, twenty-two (22) days after the shooting. (See Trial Transcript of Mary Gonzalez pages 24-26). However, she was not able to pick him out of a photo line up presented to her a day or two after the shooting. (See Trial Transcript of Mary Gonzalez, pages 22-23). What should be noted that neither Ms. Gonzalez nor any Government witness pointed to the Defendant during the trial and said, "that's the person that I saw shoot Ms. Campos." They simply did not have a witness to clearly indicate Mr. Anaya killed Christina Campos. Even with the preponderance of evidence standard (and counsel believes the Court should have used a clear and convincing standard because it raised the Defendant's offense level in the Pre-Sentence Investigation Report) there was not enough credible evidence to find that Martin Anaya killed Christina Campos and the Court should not have used his acquitted conduct against him at sentencing.

II.   A jury should determine beyond a reasonable doubt a Defendant's drug amount to be used against him at sentencing.

At the conclusion of Anaya's trial, if the jury found him guilty of Count II (Conspiracy to Possess With Intent To Distribute 5 Kilograms or More of Cocaine), they were given a special verdict form as to attribute how much cocaine the Defendant should be responsible for: 1) a measurable amount but less than 500 grams, 2) at least 500 grams, but fewer than 5 kilograms, 3) 5 kilograms or more. The jury chose number 3, more than 5 kilograms or more. This would put the Defendant at a base offense level under the sentencing guidelines at Level 32 (United States

Sentencing Guidelines 2D1.1(c)).

However, the Court adopted the probations officer's recommendation in the Pre-Sentence Investigation Report (See Pre-Sentence Investigation Report, paragraph 23) and concluded that the Defendant should be responsible for over 150 kilograms of cocaine for a base offense level of 38 under the Guidelines. (See Sentencing Transcript, pages 43-44).

In the Addendum to the Pre-Sentence Investigation Report, the Defendant objected to an increased amount of cocaine attributable to the Defendant and instead urged the Court to rule consistent with the jury's findings. There had been no evidence presented at trial that Martin Anaya was a big-time drug dealer. Even the Government conceded in its Sentencing Memorandum "Clearly Anaya was not a major drug trafficker. There was limited evidence presented at the trial of Anaya's direct involvement of distributing drugs." (See Appellant's Appendix p. 15).

Counsel further argued in the Addendum to the Pre-Sentence Investigation Report that there was nothing presented at trial to indicate that the co-defendants distributing in excess of 150 kilograms of cocaine was foreseeable to Anaya. Counsel argued that "the Court must make individualized findings of foreseeability as to each conspirator." *United States v. Miranda-Santiago*, 96 F. 3d 517 (1996) and "the drug quantity appropriate for one conspirator will not necessarily be appropriate for another." *United States v. Alexander*, 982 F. 2d 262 (1992).

In *United States v. Alleyne*, 133 S. Ct. 2151 (2013), the Court held that any fact that increases the mandatory minimum is an element that must be submitted to the jury and proved beyond a reasonable doubt.

In Martin Anaya's case, the jury was given a special finding in Count II and found that he

was responsible for over 5 kilograms of cocaine. Based on the Pre-Sentence Investigation Report, the Court found that the Defendant was in the highest base offense level in the Sentencing Guidelines, a Level 38. This is six (6) levels higher than what the jury held Anaya responsible for and dramatically increased his potential penalties. The Defendant believes that all drug quantity determinations under the new Advisory Sentencing Guidelines should be submitted and determined by a jury.

III.  Taking all sentencing factors into consideration, the Defendant's three hundred sixty (360) month sentence was not fair and reasonable.

At first glance, many might think that Martin Anaya should have been ecstatic with a thirty (30) year sentence, considering the Probation Officer determined a base Offense Level of 43 and a Criminal History Category of VI for a guideline sentence of life imprisonment. (See Pre-Sentence Investigation Report, paragraph 109). The Government requested a life sentence. (Sentencing Transcript page 70). The District Court did give him a below guideline sentence. However, as discussed in earlier arguments in this Brief, counsel believes this high sentence was given based on a murder that the Defendant was acquitted for and for drug amounts that were not foreseeable to the Defendant and not determined by a jury.

Of the twenty three (23) people charged in this particular Indictment, no person has received a longer sentence than three hundred sixty (360) months. In fact, the only person the Government requested get a life sentence was Martin Anaya. Coincidently, Martin Anaya was the only person to go to trial in this Indictment. Had Anaya been held responsible for the death of Christina Campos by the jury, he would have received a mandatory life sentence. (Sentencing Transcript, page 69).

As pointed out in Martin Anaya's Sentencing Memorandum, nineteen (19) different

homicides were charged against several Latin King members.  Several co-defendants admitted to committing multiple homicides.  Some co-defendants cooperated and received a lesser sentence than life imprisonment, other co-defendants did not cooperate.  The admitted leader of the Latin Kings, Alexander Vargas, testified at Anaya's trial.  Although he alleged to have never actually killed another person, (although he testified that he shot at more than 10 individuals), he did say that over twenty (20) times he ordered the hits for others to be killed.  Many of these ordered hits were successful.  (See Trial Transcript of Alexander Vargas, pages 107-108).  On November 12, 2013, Alexander Vargas was sentenced to twenty-three (23) years in prison. (See Appellant's Appendix p. 20).

Two (2) co-defendants of Martin Anaya, who did not cooperate and who were also supposedly in the van with Martin Anaya on the night Christina Campos died, are Jason Ortiz and Brandon Clay.  Neither Ortiz or Clay were ever charged with the death or felony murder of Christina Campos.  Instead, pursuant to the terms of Jason Ortiz's Plea Agreement, the Government would be able to assert Ortiz was responsible for "multiple murders."  (See Appellant's Appendix p. 28).  However, the Government entered into a non-binding Plea Agreement and on May 22, 2013, Ortiz was sentenced to twenty-five (25) years imprisonment.  (See Appellant's Appendix p. 31).  As for Brandon Clay, his Plea Agreement indicated that he was responsible for at least two (2) murders.(See Appellant's Appendix p. 39).   Pursuant to the non-binding Plea Agreement, the Court sentenced Clay to thirty (30) years imprisonment on January 9, 2013.  (See Appellant's Appendix p. 42). Both Clay and Ortiz had the same criminal history as Martin Anaya (Category VI).

Title 18 3553 (a)(6)  Imposition of a Sentence - deals with the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

11

conduct.  In Martin Anaya's case, he was sentenced even more harshly than other co-defendants who had committed multiple murders.  The Government conceded in its own Sentencing Memorandum that "clearly Anaya was not a major drug trafficker.  There was limited evidence presented at trial of Anaya's direct involvement of distributing drugs."  (See Appellant's Appendix p. 15).  Martin Anaya believes there is a great disparity between the sentence he received and the sentence between similar situated co-defendants in this Indictment.  Anaya believes he should have received a sentence below thirty (30) years.

## CONCLUSION

Martin Anaya's sentence must be vacated and his case must be remanded to the District Court for a new sentence.

Respectfully submitted,


/s/ Adam Tavitas
Adam Tavitas #18451-53
9120 Connecticut Drive, Suite G
Merrillville, IN 46410
219-796-9220

No. 13-2189

_____

# UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

_____

**UNITED STATE OF AMERICA,**
**PLAINTIFF-APPELLEE**

**v.**

**MARTIN ANAYA**
**DEFENDANT-APPELLANT**

_____

_____**Appeal from the United States District Court**
**For the Northern District of Indiana**
**Case No. 2:10 CR 00109**
**The Honorable Judge Rudy Lozano**

_____

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(a)(7)

In compliance with Federal Rules of Appellate Procedure 32(a)(7), I certify that this

Appellant's Brief of Martin Anaya complies with the type-volume limitation because:

1. This Brief contains 4588 words.

2. This Brief complies with the type-face requirements of F.R.A.P. 32(a)(5) and the style requirements of F.R.A.P. 32(a)(6) because: this brief has been prepared in a proportionally spaced type face using WordPerfect 12 in Times New Roman style and 12 point font size.

        /s/ Adam Tavitas
        Adam Tavitas #18451-53
        9120 Connecticut Drive, Suite G
        Merrillville, IN 46410
        219-796-9220

No. 13-2189

_____

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

_____

UNITED STATE OF AMERICA,
PLAINTIFF-APPELLEE

v.

MARTIN ANAYA
DEFENDANT-APPELLANT


_____

_____Appeal from the United States District Court
For the Northern District of Indiana
Case No. 2:10 CR 00109
The Honorable Judge Rudy Lozano


CIRCUIT RULE 30(d) STATEMENT
_____


      Pursuant to Circuit Rule 30(d), counsel certifies that all material required by Circuit Rule 30(a) and (b) are included in the Appendix.

Dated:   February 25, 2014

                              /s/ Adam Tavitas
_____
                              Adam Tavitas #18451-53
                              9120 Connecticut Drive, Suite G
                              Merrillville, IN 46410
                              219-796-9220

No. 13-2189

─────────────────────────────────

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

─────────────────────────────────

UNITED STATE OF AMERICA,
PLAINTIFF-APPELLEE

v.

MARTIN ANAYA
DEFENDANT-APPELLANT

_____
_____Appeal from the United States District Court
For the Northern District of Indiana
Case No. 2:10 CR 00109
The Honorable Judge Rudy Lozano

─────────────────────────────

─────────────────────────────────────────────────────

# CERTIFICATE OF SERVICE

─────────────────────────────────────────────────────

I hereby certify that on February 25, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.
Kirby Heller, Attorney Appellate Section
Criminal Division - U. S. Department of Justice
950 Pennsylvania Avenue, N.W., Room 1264
Washington, D.C. 20530
(202) 307-0085
Fax: (202) 305-2121
Kirby.heller@usdoj.gov

/s/ Adam Tavitas_____
Adam Tavitas #18451-53
9120 Connecticut Drive, Suite G
Merrillville, IN 46410
219-796-9220

15

No. 13-2189

_____

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

_____

UNITED STATE OF AMERICA,
PLAINTIFF-APPELLEE

v.

MARTIN ANAYA
DEFENDANT-APPELLANT

_____
_____Appeal from the United States District Court
For the Northern District of Indiana
Case No. 2:10 CR 00109
The Honorable Judge Rudy Lozano

_____


APPENDIX TO BRIEF OF
DEFENDANT - APPELLANT MARTIN ANAYA




Adam Tavitas/ Attorney No. 18451-53
Attorney For Defendant - Appellant Anaya
9120 Connecticut Drive, Suite G
Merrillville, IN 46410
219-796-9220 (Phone)
219-791-4379 (Fax)

## TABLE OF CONTENTS FOR APPENDIX

1. *Judgement and Commitment Order*, entered by the District Court May 22, 2013 . . . . . . . . . 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**
        **Plaintiff**

**v.**                          **Case Number 2:10cr109-007**

                                     **USM Number 11317-027**

**MARTIN ANAYA**
        **Defendant**

                                **ADAM  TAVITAS**
                                **Defendant's Attorney**

_____

### JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** was found guilty on 9/25/2012 of counts 1 and 2 of the Third Superseding Indictment after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number |
|---|---|---|
| 18:1962(d) - Conspiracy to Participate in Racketeering Activity | November 2011 | 1 |
| 21:846 - Conspiracy to Possess with Intent to Distribute 5 kilograms or more of Cocaine and 1,000 kilograms or more of Marijuana | November 2011 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on counts 10 and 11 of the Third Superseding Indictment.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

        May 22, 2013
        _____
        Date of Imposition of Judgment

        /s/ Rudy Lozano
        _____
        Signature of Judge

        Rudy Lozano, United States District Judge
        _____
        Name and Title of Judge

        May 22, 2013
        _____
        Date

Defendant: MARTIN ANAYA                                                                          Page 2 of 6
Case Number: 2:10cr109-007

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons
to be imprisoned for a term of **360 months** for each of Counts 1 and 2, to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant be given credit for time served.

That the defendant participate in the 500-hour Comprehensive Drug and Alcohol Treatment
Program or any similar drug and alcohol treatment program available.

That the defendant be incarcerated in a federal facility as close to **Chicagoland area** as possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____
_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
DEPUTY UNITED STATES MARSHAL

Defendant: MARTIN ANAYA                                                                    Page 3 of 6
Case Number: 2:10cr109-007

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term
of **5 years** for each count, to be served concurrently.


The defendant shall report in person to the probation office in the district to which the defendant is
released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain
from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and two
(2) periodic drug tests thereafter, as determined by the Court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous
weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the
defendant pay in accordance with the Schedule of Payments sheet of this judgment.


## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a substance abuse treatment program and shall abide by all
program requirements and restrictions, which may include testing for the detection of alcohol or
drugs of abuse at the direction and discretion of the probation officer.  While under supervision, the
defendant shall not consume alcoholic beverages or any mood altering substances, which overrides
the "no excessive use of alcohol" language in Standard Condition #7.  The defendant shall not be
allowed to work at a tavern or to patronize taverns or any establishments where alcohol is the
principal item of sale.  The defendant shall pay all or part of the costs for participation in the
program not to exceed the sliding fee scale as established by the Department of Health and Human
Services adopted by this court.

The defendant shall participate in a mental health treatment program and shall abide by all program
requirements and restrictions.  The defendant shall pay all or part of the costs for participation in
the program not to exceed the sliding fee scale as established by the Department of Health and
Human Services and adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1.    The defendant shall not leave the judicial district without the permission of the Court or probation officer.

2.    The defendant shall report to the probation officer in the manner and as frequently as directed by the Court or probation officer.

3.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4.    The defendant shall support his dependents and meet other family responsibilities.

5.    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6.    The defendant shall notify the probation officer within ten (10) days of any change in residence or employment.

7.    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

8.    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9.    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11.   The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

13.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.   The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15.   The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

Defendant: MARTIN ANAYA
Case Number: 2:10cr109-007

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|:---:|:---:|:---:|
| $200.00 | NONE | NONE |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320.  The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No restitution was ordered.

Defendant: MARTIN ANAYA                                                                     Page 6 of 6
Case Number: 2:10cr109-007

Name:____MARTIN ANAYA____

Docket No.:____2:10cr109-007____

ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein.  These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)

_____     _____
Defendant                                              Date


_____     _____
U.S. Probation Officer/Designated Witness       Date